IN THE U.S DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES REGAN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC, a Delaware ) | No. |
| limited liability company, and CODILIS AND ) | |
| ASSOCIATES, P. C., an Illinois professional ) | |
| corporation, ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR VIOLATION OF THE DEBT COLLECTION PRACTICES ACT**
(15 U.S.C.S. § 1692(e)(2))

NOW COMES the Plaintiff, James Regan, by his attorneys David G. Trout and Paul C. Downing and the firm of David G. Trout & Associates, Ltd., and with his Complaint against Defendants Ocwen Loan Servicing, LLC and Codilis and Associates, P. C., states as follows:

**Parties and Jurisdiction**

1. Plaintiff James Regan ("Regan") is and was at all relevant times a citizen and resident of Tinley Park, Cook County, IL.

2. Regan is a "Consumer" as defined by 15 U.S.C.S. § 1692(a)(4).

3. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a Delaware limited liability company authorized to conduct business in Illinois.

4. Ocwen is a "debt collector" as defined by 15 U.S.C.S. § 1692(a)(6).

1

5. Defendant Codilis and Associates, P. C. ("Codilis") is an Illinois corporation.

6. Codilis is a "debt collector" as defined by 15 U.S.C.S. § 1692(a)(6).

7. At all times relevant, Defendants Ocwen and Codilis owed Regan a duty to comply with all applicable laws as set forth in the Debt Collection Practices Act, 15 U.S.C.S. § 1692 (2013).

8. Pursuant to 15 U.S.C.S. § 1692(k)(d) known as the Debt Collection Practices Act ("DCPA"), jurisdiction is proper in any appropriate United States district court or in any other court of competent jurisdiction.

## Background

9. At all times relevant hereto, Regan's primary residence is located at the property commonly known as 7115 W. 168th Street, Tinley Park, Illinois 60047 ("Residence").

10. The Residence is a townhome and a member of a homeowners association commonly known as Hamilton Lakes Townhome Association ("Association").

11. On or about March 4, 2005, Regan refinanced the Residence and entered into a mortgage agreement ("Mortgage") with Taylor Bean & Whitaker Mortgage Corporation ("Taylor Bean") relative to Regan's Residence.

12. In 2009, the Mortgage was assigned from Taylor Bean to Central Loan Administration and Reporting ("Cenlar").

13. In approximately May of 2010, the Mortgage was assigned from Cenlar to Ocwen.

14. In approximately April of 2011, Ocwen filed a foreclosure action in the

Circuit Court of Cook County and hired Codilis as its attorney.

15. In May of 2012, Regan asked for and received a reconciliation of the charges allegedly owed. The reconciliation statements received from Ocwen and Codilis in May of 2012 were incorrect and inconsistent with one another.

16. Despite efforts by Regan to have Ocwen's mistake corrected, Ocwen continued to send false statements to Regan indicating that improper and/or inflated escrow and insurance amounts were owed by Regan.

17. Statements sent by Ocwen to Regan ultimately showed an escrow bill of $39,361.72 in September of 2012, after which Ocwen admitted that the actual escrow bill was approximately $14,000.00.

### COUNT I - VIOLATION OF 15 U.S.C.S § 1692(e)(2)
### OCWEN

18. Regan repeats, realleges and incorporates ¶ ¶1-17 above as if fully set forth herein as paragraph 18.

19. Most or all of Ocwen's statements to Regan stated and admitted that Ocwen was a debt collector attempting to collect a debt from Regan.

20. DCPA, 15 U.S.C.S. § 1692e states: "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…(2)The false representation of – (A) the character, amount, or legal status of any debt;"

21. Ocwen violated the DCPA, 15 U.S.C.S. § 1692, section 1692(e)(2), in the following way:

    a. By falsely representing the character, amount and legal status of the

debt, in violation of § 1692(e)(2)(A).

22. As a proximate and direct result of Ocwen's violation of the DCPA, Regan's credit score and ability to obtain loans at a favorable and low interest rate was adversely affected and severely damages. Regan suffered actual damages plus $1,000.00 for Ocwen's violation of the DCPA.

**WHEREFORE**, Plaintiff James Regan requests that this Honorable Court enter judgment in his favor and against Defendant Ocwen Loan Servicing, LLC for the amount of damages to be proven at trial, plus attorneys' fees, costs of this suit and for such other relief as this Court deems appropriate.

### COUNT II - VIOLATION OF 15 U.S.C.S § 1692(e)(2)
### CODILIS

23. Regan repeats, realleges and incorporates ¶ ¶1-17 above as if fully set forth herein as paragraph 23.

24. Most or all of Codilis' statements to Regan stated and admitted that Codilis was a debt collector attempting to collect a debt from Regan.

25. DCPA, 15 U.S.C.S. § 1692e states: "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…(2)The false representation of – (A) the character, amount, or legal status of any debt;"

26. Codilis violated the DCPA, 15 U.S.C.S. § 1692, section 1692(e)(2), in the following way:

    a. By falsely representing the character, amount and legal status of the debt, in violation of § 1692(e)(2)(A).

27. As a proximate and direct result of Codilis' violation of the DCPA,

Regan's credit score and ability to obtain loans at a favorable and low interest rate was adversely affected and severely damages. Regan suffered actual damages plus $1,000.00 for Codilis' violation of the DCPA.

**WHEREFORE**, Plaintiff James Regan requests that this Honorable Court enter judgment in his favor and against Defendant Codilis and Associates, P.C. for the amount of damages to be proven at trial, plus attorneys' fees, costs of this suit and for such other relief as this Court deems appropriate.

### COUNT III - VIOLATION OF 15 U.S.C.S § 1692(c)
### OCWEN

28. Regan repeats, realleges and incorporates ¶ ¶1-17 above as if fully set forth herein as paragraph 28.

29. For at least the several month period of March 2011 – May 2011, Ocwen began sending statements of the alleged debt owed by Regan to the home of Regan's ex-wife.

30. DCPA, 15 U.S.C.S. § 1692c states: "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector;"

31. Codilis violated the DCPA, 15 U.S.C.S. § 1692, section 1692(c), in the following way:

    a. By communicating, in connection with the collection of a debt, with

another person other than Regan or his attorney, without Regan's prior consent.

32. As a proximate and direct result of Ocwen's violation of the DCPA, Regan suffered actual damages plus $1,000.00 for Ocwen's violation of the DCPA.

**WHEREFORE**, Plaintiff James Regan requests that this Honorable Court enter judgment in his favor and against Defendant Ocwen Loan Servicing, LLC for the amount of damages to be proven at trial, plus attorneys' fees, costs of this suit and for such other relief as this Court deems appropriate.

Respectfully submitted,

James Regan

/s/ David G. Trout

By: one of his attorneys

David G. Trout (ARDC: 6238266)
Paul C. Downing (ARDC: 6299678)
DAVID G. TROUT & ASSOCIATES, LTD.
134 North LaSalle Street, Suite 1840
Chicago, Illinois 60602
312/334-9620